Weston CLARK and Patricia Clark, on behalf of themselves and all others similarly situated, Plaintiff,

v.

BONDED ADJUSTMENT COMPANY, INC., Dennis Dillin and Jane Doe Dillin, husband and wife, Defendant.

No. CS–00–394.

United States District Court, E.D. Washington.

Jan. 8, 2002.

O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, Michael David Kinkley, Law Office of Michael D. Kinkley, Spokane, WA, for plaintiffs.

Jeffrey I. Hasson, Law Office of Jeffrey I. Hasson, Portland, OR, Michael Joseph Beyer, Attorney at Law, Spokane, WA, for defendants.

## ORDER GRANTING CLASS CERTIFICATION

SICKLE, Chief Judge.

**BEFORE THE COURT** is the plaintiffs's motion to certify the proposed class. Michael D. Kinkley and O. Randolph Bragg represented the plaintiffs. Jeffrey Hasson represented the defendants.

## SUMMARY

The plaintiffs assert that defendants Bonded Adjustment Company ("Bonded") and Bonded manager Dennis Dillin violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Washington Collection Agency Act, RCW 19.16.250 *et. seq.*, when Bonded attempted to collect an inflated process-service fee as part of a debt. The plaintiffs allege that Bonded not only violated federal and state law in their case, but followed the same practice with regard to all debts involving service of process that Bonded collected or attempted to collect. The plaintiffs seek to certify a class action on that basis. The Court grants the motion.

## ANALYSIS

The plaintiffs bear the burden of establishing the prerequisites for certification. *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). In general, class certification requires that the class satisfy all of the requirements of Rule 23(a), and fit into one or more of the categories in Rule 23(b). *See* Fed.R.Civ.P. 23(b); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997) (*"Amchem "*).

### A. General Requirements for Class Certification

The requirements of Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed.R.Civ.P. 23(a); *see also Amchem,* 521 U.S. at 613, 117 S.Ct. at 2245.

#### 1. Numerosity

 "The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.' " *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998) (*quoting* Fed.R.Civ.P. 23(a)(1)). Plaintiffs need not demonstrate that it would be impossible to join all class members. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1762 (2d ed.1986). "The numerosity requirement requires exam-

ination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980). Factors to be considered are size, jurisdictional hurdles to joinder, and class members' reluctance to sue individually. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & P.,* § 1762; *Jordan v. Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.), *vacated on other grounds,* 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

■ Here, the plaintiffs seek to certify a class consisting of all persons from whom Bonded collected or attempted to collect inflated fees for service of process in an attempt to collect debts incurred for personal, family or household purposes during the period between October 21, 1999 and October 23, 2000.[1] The plaintiffs allege that, based on discovery to date, at least 2000 persons were served with process by Bonded during the applicable period. The plaintiffs allege that Bonded attempted to collect an inflated service fee for each person that it served, whatever means were eventually used to collect or attempt to collect the debt. The plaintiffs also point out that because the financial damage to each debtor is relatively small, each class member would be reluctant to sue individually. The Court concludes that the plaintiffs have met the "numerosity" requirement.

### 2. *Commonality*

■ "A class has sufficient commonality 'if there are questions of fact and law which are common to the class.' " *Hanlon,* 150 F.3d at 1019 (*quoting* Fed.R.Civ.P. 23(a)(2)). "Rule 23(a)(2) has been construed permissively... [t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.; see also Walters v. Reno* 145 F.3d 1032, 1045 (9th Cir.1998).

The potential class is defined according to the factual criteria discussed above. In addition, plaintiffs propose two sub-classes, which may overlap substantially, if not entirely: those from whom Bonded collected or attempted to collect an inflated "service fee" (the "Service" sub-class); and those from whom Bonded attempted to collect an inflated "mileage fee" (the "Mileage" sub-class). Thus, most if not all factual questions will be common. One crucial and common factual question will be how much inflation occurred with regard to each set of fees. To be sure, if liability is established, there will be questions of fact relating to damages that may further divide the sub-classes above into two sub-sub-classes each, depending on whether Bonded actually collected the inflated fees, or merely attempted to collect. In this regard the Court notes that both federal and state law impose liability whether the debt or fee was actually collected or whether Bonded merely attempted to collect by sending dunning letters, filing suit, attempting garnishment, or some other method. *See, e.g.,* 15 U.S.C. § 1692k(a)(2)(A) (statutory damages of up to $1,000 available). The differences in damages between those from whom Bonded merely attempted to collect (such as the Clarks) and those from whom Bonded actually did collect is not sufficient reason to deny certification of the proposed class.

The common legal questions are also straightforward: did Bonded's alleged practice violated the FDCPA and WCAA; does it have any applicable defenses, such as the "bona fide error" defense, to liability. The Court determines that commonality has been established.

### 3. *Typicality*

■ Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they

---

1. The FDCPA has a one-year statute of limitations; when the leap year and Fed.R.Civ.P. 6(a) are taken into account, October 21, 1999 (the date of the Clarks's trial) to October 23, 2000 (the date that they filed this action) is "one year" for purposes of the statute of limitations, and is the time-delimited window for the potential class in this matter. The Court notes that the statute of limitations period for the WCAA is considerably longer, but that the plaintiffs have sensibly chosen to limit the proposed class to the more manageable period dictated by the FDCPA.

need not be substantially identical." *Hanlon,* 150 F.3d at 1020. The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon,* 976 F.2d at 508. "A named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.*

The Clarks's claims are typical of the class that they seek to represent. Again, the proposed class is limited to those that had an experience similar to the Clarks: Bonded served them with process; Bonded paid the process server a fee; Bonded allegedly attempted to collect more than was paid to the process server. The only identifiable difference between the Clarks's situation and that of some potential class members is that the Clarks did not in fact pay the allegedly inflated fee. However, that is not a difference of claim, but only of damages, as discussed above. *See Hanon,* 976 F.2d at 508 ("Typicality refers to the nature of the claim... not to the specific facts from which it arose."). Contrary to its assertions, Bonded does not appear to have a defense to the Clarks's claim that is in any way unique; nor are there questions of fact pertaining to the Clarks's claim that are different than the questions that will apply to most if not all class members.[2]

The Court determines that the plaintiffs have met the typicality requirement.

### 4. Adequacy

█ Finally, the Court must determine that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "Whether the class representatives satisfy the adequacy requirement depends on 'the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.'" *Walters,* 145 F.3d at 1046 (*quoting Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir.1994)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d at 1020.

First, the Court finds that proposed class counsel are adequate. In this regard the Court notes that not only has Mr. Bragg been class counsel in numerous similar suits around the country, but both Mr. Bragg and Mr. Kinkley are co-class counsel in another FDCPA case proceeding in this district. In light of Mr. Kinkley's record, with which the Court is most familiar, the Court has no doubt that the action will be pursued vigorously. Second, plaintiffs have the same interest as the absent class members in a financial recovery for the allegedly illegal acts, and the Court cannot perceive a danger of collusion.

### B. Specific Requirements of Damages Class

The plaintiffs seek to certify the proposed class under Rule 23(b)(3). "To qualify for certification under this subsection, a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon,* 150 F.3d at 1022 (*quoting* Fed.R.Civ.P. 23(b)(3)). Certification of a 23(b)(3) damages class is proper "whenever the actual interests of the par-

---

**2.** In this regard defendants persist in their somewhat quixotic argument that plaintiffs's counsel Michael Kinkley may be a fact witness. The defendants have argued that because the Clarks were not present at their state court trial, Mr. Kinkley may be a witness regarding what was communicated to the Clarks regarding Bonded's attempt to collect. The defendants appear to misunderstand the Court's prior order (regarding summary judgment), in which the Court noted that there is no distinction to be drawn between communications to the Clarks and to their counsel. Therefore, there appears to be no basis for the defendants's assertion that Mr. Kinkley is a potential witness.

ties can be served best by settling their differences in a single action." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & P.* § 1777. The Court takes the whole of the case into account when examining whether common issues predominate over individual issues and whether class treatment would be superior. *See Valentino v. Carter–Wallace,* 97 F.3d 1227, 1234 (9th Cir.1996); *Kurczi v. Eli Lilly & Co.,* 160 F.R.D. 667, 677 (N.D.Ohio 1995).

### 1. *Predominance*

■ "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem,* 521 U.S. at 616, 117 S.Ct. at 2249. This test is more demanding than the "commonality" requirement of Rule 23(a). 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & P.* § 1778. The Court examines the substantive issues in the case, including the claims and potential defenses, and the proof relevant to each issue. Wm. W. Schwarzer, A.W. Tashmina, J.M. Wagstaffe, *Fed. Civ. P. Before Trial,* § 10:412 (Rutter Group 2001). Predominance does not require that common issues take up more than half of the total time at trial; rather, it is a "pragmatic" inquiry into whether there is a "common nucleus of operative facts" to each class member's claim. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & P.* § 1778.

Common questions predominate here. As noted above, the class is defined by a common set of factual predicates that will eliminate many potential divergences. The key questions will be common, relating to whether Bonded engaged in the practices described, whether those practices violated the law, and whether Bonded has any defense, such as the "bona fide" error defense. *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.").

### 2. *Superiority*

■ Rule 23(b)(3) also requires that class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." "This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon,* 150 F.3d at 1023. Several relevant factors are listed in the Rule: the interest of individual members of the class in controlling the litigation; the extent and nature of any litigation already commenced; the desirability of concentrating the litigation in one forum; and potential management difficulties with regard to the class. Fed.R.Civ.P. 23(b)(3).

There can be no question that class resolution is superior in this case. The nature of the claim involved means that most class members are not aware that they have potentially suffered a wrong at Bonded's hands. Even if the class members were aware that they had claims, those individual claims are small, and their individual interest in controlling litigation regarding their claim would thus also be small. Nor does there appear to be any management difficulty, even though the potential class is quite large.

## CONCLUSION

The Court determines that all of the requirements for certification of the proposed class have been met. Common questions predominate, the class is numerous, the Clarks's claims are typical of those of the class as a whole, class-wide resolution is superior to other means of resolution, and the Clarks and their counsel will adequately represent the class. This action will proceed as a class action, with the class and sub-classes limited as identified in the plaintiffs's motion.

**IT IS HEREBY ORDERED THAT:**

The plaintiffs's motion for class certification (**Ct.Rec.___**) is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.